IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION



**FILED**

**August 16, 1999**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9803-CR-00095 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. L. Terry Lafferty, Judge |
| KONG CHUNG BOUNNAM, | * | (Murder in the Perpetration of a Felony, Three Counts, and Robbery with a |
| Appellant. | * | Deadly Weapon, Four Counts) |

For Appellant:

Charles P. Roney, Attorney
P.O. Box 542
Union City, TN  38281-0542

For Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North, Second Floor
Cordell Hull Building
Nashville, TN  37243-0493

Robert Carter and Daniel Byer
Assistant District Attorneys General
District Attorney General's Office
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Kong Chung Bounnam, was convicted on three counts of murder in the perpetration of a felony and four counts of robbery with a deadly weapon. The trial court sentenced the defendant to terms of life on each of the murder convictions and to terms of twenty-five years for each robbery conviction. Two of the three life sentences were ordered to be served consecutively. Each of the four robbery terms were ordered to be served concurrently but consecutively to the sentences for murder.

In this appeal of right, the defendant contends that the trial court erred by excluding as evidence a sworn statement by Hung Van Chung, who was tried separately for the same offenses. We find no error and affirm the judgment of the trial court.

On October 20, 1987, the victims, Arthur Lee, Amy Lee, and Kai Yin Chuey, were shot and killed in a robbery at the Jade East Restaurant in Memphis. John Lee, the owner of the restaurant, had five children, all of whom worked in the restaurant at various times. Ging Sam Lee, the mother of John Lee, and Kai Yin Chuey, the mother of Mrs. John Lee, also worked in the restaurant, as did Amy Lee, the wife of Mr. and Mrs. John Lee's son, Chester Lee. Jerry Lee, the oldest son, operated a jewelry business in the restaurant. Mr. and Mrs. John Lee's other children were Arthur Lee, who was the manager of the restaurant, and Jeff and Jessie Lee.

On the afternoon of October 20, 1987, while Arthur Lee, Amy Lee, Kai Yin Chuey, and Ging Sam Lee were preparing to open the restaurant, Hung Van Chung and the defendant entered an open back door and Chung said, "We're

2

looking for a job." The defendant then grabbed Arthur Lee by the neck and pointed a .44 Magnum to his head. When Arthur attempted to grab the weapon, Hung Van Chung shot him. Duc Phuoc Doan and Heck Van Tran, who had accompanied Chung and the defendant, then involved themselves in the fray. Van Tran shot Kai Yin Chuey twice, the second time in the head. When Van Tran obtained a key to open the storage room, Amy Lee, who was in the front of the restaurant, began to scream. Hung Van Chung ran in that direction. There were several more shots and Amy was killed. Duc Phuoc Doan took two rings from the body of Kai Yin Chuey and was handed a jewelry case by Van Tran. Three of the men left the restaurant and a few seconds later, the defendant limped towards his car, bleeding from a wound to the leg. The defendant, who had driven the three other men to the restaurant, told the others that he had been shot but was able to drive a couple of blocks before asking Van Tran to take over the operation of the vehicle.

Duc Phuoc Doan, Heck Van Tran, and Hung Van Chung, all Vietnamese, had planned the robbery on the day before. The defendant, who is Laotian and who speaks a different language from the others, learned of their plans on the date of the robbery and murders. Hien Huynh was aware of their plans to rob the restaurant and the defendant was transported to Huynh's residence immediately after the robbery. Van Tran was unable to remove the bullet from the defendant's leg. On October 23, three days after the murders, the police questioned Duc Phuoc Doan. He admitted to police on October 27 that he had participated in the crimes. The defendant, Van Tran, and Van Chung left the state but were arrested sometime later. Van Chung pled guilty to the murders and robberies and received two consecutive life sentences. Van Tran was convicted of the crimes and sentenced to death. State v. Heck Van Tran, 864 S.W.2d 465 (Tenn. 1993).

3

Huynh had apparently provided the men with information about the location of the jewelry inside the Jade East Restaurant. According to Van Chung, the defendant was not originally involved in the plan but was included later at the request of Van Tran. All four of the men involved in the robbery had weapons. Van Chung and Phuoc Doan had .22 caliber automatic weapons, Van Tran a .22 caliber revolver, and the defendant a .44 Magnum. The defendant was instructed not to fire his weapon because it was too loud and might be heard.

The defendant left the state with Van Chung and Van Tran within an hour after the commission of the crimes. The three men drove to Washington, D.C., where they left the jewelry, and then to Houston, Texas. An unidentified person met them in Houston and gave them $5,000.00. The defendant stayed in Texas for about two months until his leg healed and then flew to either North Carolina or South Carolina to stay with an uncle.

Huynh denied being involved in the planning of the robbery but admitted receiving a telephone call wherein he was asked to buy some rubbing alcohol and cotton balls, apparently to be utilized for the treatment of the defendant's wound. Huynh stated that he met Van Tran and Van Chung at a residence sometime after the robbery but contended that the defendant was not present.

At trial, Van Tran admitted his participation in the robbery, claimed that his gun went off when Kai Yin Chuey fell into his arms, and acknowledged having shot Arthur Lee. He explained that he shot Kai Yin Chuey a second time because he thought she had something in her hand. Van Tran maintained that the defendant stayed only one day in Texas before he was paid to go away.

4

Gary Bradley Wright saw an Asian driver leave the Jade East parking lot in a blue Camaro near the time of the robbery. When Wright stopped at the post office, he saw an Asian woman screaming for an ambulance. That evening, Wright contacted police and later made a positive identification of the Camaro. Wright was able to identify the defendant from several photographs as the driver of the vehicle. After receiving information from Wright and from Crime Stoppers, Sergeant Dennis Hodges obtained the names of the defendant, Van Tran, and Van Chung. Hodges questioned Duc Phuoc Doan who admitted his participation in the crimes and who identified the three other participants. Ultimately, the defendant was extradited from Ontario, Canada.

An autopsy revealed that Kai Yin Chuey died from two gunshot wounds, one to the right jaw and the other to the top of her head. Amy Lee died from a contact gunshot wound which traversed through her brain. Both were killed by .22 caliber bullets. Arthur Lee was shot eight times. All of the wounds were caused by .22 caliber bullets. While any one of the shots would have caused Lee's death, the bullet which penetrated the right temple caused instantaneous death.

During the course of the trial, the defense attempted to offer into evidence a sworn statement of Hung Van Chung. The content of the statement apparently conflicted with his trial testimony. Generally, extrinsic evidence of impeachment is inadmissible except under the terms of Tenn. R. Evid. 613(b):

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice require otherwise. This provision does not apply to admissions of a party opponent as defined in Tenn. R. Evid. 803(1.2).

See State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982). The purpose of Rule

5

613(b) is to allow introduction of otherwise inadmissible extrinsic evidence for impeachment. State v. Martin, 964 S.W.2d 564, 567 (Tenn. 1998). A prior inconsistent statement introduced for purposes of impeachment may be considered only on the issue of credibility and not as substantive evidence. Reece, 637 S.W.2d at 861. Extrinsic evidence of a prior inconsistent statement remains inadmissible when a witness unequivocally acknowledges having made the prior statement. Martin, 964 S.W.2d at 567. When presented with a prior inconsistent statement a "witness has several possible responses: the witness can admit, deny, or not remember making all or part of the statements." Neil P. Cohen, Sarah Y. Sheppeard, and Donald F. Paine, Tennessee Law of Evidence § 613.4 (3rd ed. 1995 & Supp. 1998). If the witness admits making the prior inconsistent statement, any extrinsic proof of the statement would be cumulative. Id.

During the examination of Van Chung by the state, he admitted that he had signed a paper prepared by the defendant in which Van Chung had stated that he had forced the defendant to participate in the robbery; the statement included an admission by Van Chung that he had shot the defendant during the course of the robbery. At trial, Van Chung testified as follows:

> I signed the paper because I checked with him. I thought
> I signed a piece of paper ... his witness, you see. Then
> later he give me a copy. He said I shoot him. I made
> him do all them things. I never did anything to him.

After signing the statement, Van Chung testified that he did not force the defendant to participate in the robbery and that the defendant was a free and willing participant. On cross-examination, Van Chung admitted that he had signed the document under oath in the presence of a notary public. Van Chung admitted signing a statement which, in part, provided as follows:

> I asked God to forgive me, and I asked [the defendant]

6

> Bounnam to forgive me for making him get involved in something he ... wanted no part of.

Van Chung also admitted that he had made a similar statement to defense counsel during their investigation. Van Chung then explained that the defendant had "asked me to lie to you." Van Chung contended that he had been "tricked" by the defendant into signing the statement. He explained that by signing the document, he thought he was simply agreeing to be a witness for the defendant. Van Chung explained he could not read English very well.

In Martin, our supreme court ruled that "extrinsic evidence remains inadmissible until the witness either denies or equivocates as to having made the prior inconsistent statement. 964 S.W.2d at 567. Here, because Van Chung acknowledged during his trial testimony having made the statement but denied the truthfulness of its content, the trial court properly excluded the written statement. In context, however, any error would have been harmless. The jury heard during cross-examination the content of the statement and observed the defendant's concession that he had made the statement under oath. The overwhelming evidence of his participation in the robbery and the resultant death of the victims was such that, in our view, the introduction of the affidavit would not have had any effect on the results of the trial.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
Joseph M. Tipton, Judge

_____
Thomas T. Woodall, Judge